HOSPITAL BILL PAYMENT GUARANTEED BY ADOPTIVE PARENTS A guaranty signed by the prospective adoptive parents, or their attorney in their behalf, guaranteeing payment of the hospital and medical expenses incurred by the natural mother of the prospective adopted child is lawful and is not in violation of the statutes against trafficking in children. The Attorney General has considered your request for an opinion pertaining to the adoption laws in Oklahoma. In your letter of July 26, 1971, you asked the following questions: 1. "Under the proposition against trafficking in children, can an attorney for the new parents, or those who are going to adopt a child, or such parents themselves, sign a guarantee to the hospital when the mother is checked in prior to the birth of the baby, which will, in effect, guarantee the medical expenses of the mother of the child? 2. "In the event that such a guarantee to pay these medical expenses is permissible by the adoptive parents or their attorney, what limitations, if any, would there be on such payments or guarantee?" The basic statutes involved are Title 21 O.S. 866 [21-866] (1970), and 21 O.S. 865 [21-865], 21 O.S. 867 [21-867], 21 O.S. 868 [21-868] [21-868], 21 O.S. 869 [21-869] (1961), which pertain to the "trafficking in children". Section 21 O.S. 866 [21-866] defines "trafficking in children", and in sub paragraph 3 states: "The payment of a recognized hospital or physician qualified under the laws of the State of Oklahoma which renders competent and needed hospital and medical care to an expectant mother or reasonable domiciliary care to a mother and child when such hospital and medical care have been approved by the county judge shall not be considered as compensation for the adoption of the child or in any sense of the words be referred to as 'trafficking in children' . ." This particular sub-section allows for the payment of the necessary medical expenses involved in the birth of the prospective adopted child. One purpose and perhaps the main purpose of this sub-section is to help secure the payment of these expenses by party other than the county or state government, which ultimately would benefit the taxpaying public. Anything that would help to further insure the payment of these expenses, without violating the law in any other manner, would further benefit the taxpaying public, and would further carry out the purpose and intent of this subsection. There is nothing that could be found in the Oklahoma Statutes that would prohibit the guaranteeing payment of these medical expenses by the prospective new parents, or their attorney in their behalf. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative in that the prospective new parents, or their attorney, in their behalf, may guarantee payment of the medical expenses of the mother of the child. Concerning your second question, the limitations on the guaranteeing of the payment of these expenses would be any limitations imposed by the law on guaranty contracts, contracts in general, and agency. It is, therefore, the opinion of the Attorney General that your second question be answered as follows: Any limitations on the guaranteeing of payments by the prospective parents, or their attorney, would be any limitations that might be imposed by the common and statutory law pertaining to contracts, guaranty and agency. (Todd Markum)